UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CARYL WEST, ) | | |
|     Plaintiff ) | | |
| ) | | |
| v. ) | CASE NO: 2:04-cv-28 | |
| ) | | |
| RON POSTMA'S PLANET TOYOTA, ) | | |
| TOYOTA FINANCIAL SERVICES, and ) | | |
| SHAWN LAWSON, ) | | |
|     Defendants. ) | | |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff seeks summary judgment against Defendant Ron Postma's Planet Toyota and Defendant Toyota Financial Services and submits this memorandum in support of his Motion for Summary Judgment. In seeking summary judgment, Plaintiff presents the following questions for the Court's consideration:

1. Whether summary judgment is appropriate on Plaintiff's Truth in Lending claims [TILA]?

2. Whether summary judgment is appropriate on Plaintiff's state law claims?

3. If summary judgment is appropriate on Plaintiff's TILA claims, then to what recovery is Plaintiff entitled?

4. If summary judgment is appropriate on Plaintiff's state law claims, then to what recovery is Plaintiff entitled?

STATEMENT OF THE FACTS

Plaintiff knew Defendant Shawn Lawson as a pastor at his church and as a dealer for Defendant Ron Postma's Planet Toyota, from whom Plaintiff's mother, through Defendant Shawn Lawson, had purchase a vehicle. On July 4, 2003, in Gary, Lake County, Indiana, Defendant Shawn Lawson delivered to Plaintiff a 2001 Lincoln Navigator vehicle from the inventory of Defendant Ron Postma's Planet Toyota.

On July 4, 2003, Defendant Shawn Lawson upon delivering the 2001 Lincoln Navigator to Plaintiff instructed Plaintiff to sign for Defendants a blank Retail Order for a Motor Vehicle, a blank Planet Automotive Rider, a blank Used Vehicle Delivery Checklist, a blank Sales Tax Transaction Return, a blank Buyer's Guide, Additional Work, Odometer Disclosure Statement, and a blank Toyota Financial Services Retail Installment Contract-Simple Interest forms. Plaintiff signed the blank forms on July 4, 2003.

Upon being presented with the 2001 Lincoln Navigator on July 4, 2003, by Defendant Shawn Lawson, and before signing the blank forms, Plaintiff advised Defendant Shawn Lawson that he needed to see the financing terms because he did not want to purchase the 2001 Lincoln Navigator if the payments terms would require him to pay more monthly than he was paying for his 1999 Mazda Millennia. On July 4, 2003, Plaintiff also advised Defendants, through Defendant

Shawn Lawson, that his payments on his Millennia Mazda were $455 per month and that the interest rate was 7%.

The Toyota Financial Services Retail installment Contract-Simple Interest form, which was blank when Plaintiff signed it, and which was completed by Defendants' agents Calvin Perdue and Jean Kendall on July 11, 2003, required Plaintiff to pay $596.65 monthly for 60 months, with an interest rate of 14.25%. After July 4, 2003, Plaintiff sought from Defendants the proposed terms of the financing but did not receive them for his review until October 31, 2003. Plaintiff repeatedly sought from Defendant Shawn Lawson the location to which Plaintiff was to mail his payments and failed to receive the requested information until October 30, 2003, when Plaintiff received the information from Defendant Toyota Financial Services.

Plaintiff did not appear before or with any agent of the Defendants' on July 11, 2003. As a consequence of Defendants' failure to provide Plaintiff with financing terms for his consideration on July 11, 2003, Plaintiff did not learn of the purchase terms until October 31, 2003, at which time Plaintiff sought to renegotiated with Defendant Toyota Financial Services the terms of the credit transaction under which the 2001 Lincoln Navigator was purchased. Upon reviewing the documents provided him by Defendant Toyota Financial Services,

Plaintiff learned that the vehicle purchase and financing documents contained an incorrect spelling of his first name and an incorrect address for him.

Defendants, through Defendant Toyota Financial Services, while giving the appearance that Defendants were willing to renegotiate the terms of the credit transaction, repossessed the 2001 Lincoln Navigator on November 25, 2003. Although Defendants repossessed the Lincoln Navigator on November 25, 2003, Defendants refused to return to Plaintiff his 1999 Mazda Millennia, the vehicle that he was prepared to use as a trade-in for the 2001 Lincoln Navigator if the financing terms were acceptable to him.  Defendants valued Plaintiff's 1999 Mazda Millennia at $9559.48.

The amount financed by Defendants in their sale of the 2001 Lincoln Navigator to Plaintiff is $25,500.  The cost of the credit that Defendants extended to Plaintiff for the sale of the 2001 Lincoln Navigator to Plaintiff is $10,299.00. The total sale price of the credit transaction for the sale of the 2001 Lincoln Navigator to Plaintiff is $38,799.00.

Defendants sold Plaintiff's 1999 Mazda Millennia without any endorsement by Plaintiff of the title to Defendants or any authorization from Plaintiff.

SUMMARY OF THE ARGUMENT

Defendant Ron Postma's Planet Toyota and Defendant Toyota Financial Services, through its agents, violated the Truth in Lending Act, as a matter of law,

by having Plaintiff complete a retail installment contract that lack terms required by the Truth in Lending Act and Regulation Z.

Plaintiff suffered actual damages in detrimental reliance Defendants' representation that the financing documents would be used only to compute the financial terms to present to him for consideration and, perhaps, approval.

Defendants have exerted unauthorized control over Plaintiff's Mazda Millennia.  As a matter of Indiana law, Plaintiff is entitled to treble damages for the loss of his Mazda Millennia.

ARGUMENT

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The Trial Court's duties when presented with a summary judgment issue are to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## AGENCY

On July 4, 2003, Plaintiff met with Defendant Shawn Lawson at Plaintiff's mother's house in Gary, Indiana.  Deposition of Plaintiff, pp.9, 14.  At Plaintiff's

mother's house, Defendant Shawn Lawson presented the 2001 Lincoln Navigator at issue in this case to Plaintiff, as well as documents to sign.  Deposition of Plaintiff, pp 14-30.  One of the documents was Defendant Toyota Financial Services blank retail installment contract form.  Deposition of Plaintiff, p.15.  Another blank form presented to Plaintiff for his signature on July 4, 2003, was Defendant Ron Postma's Planet Toyota rider to the Toyota Financial Services blank retail installment contract.  Deposition of Plaintiff, pp 15, 23.  Although Plaintiff did not date the Toyota Financial Services blank retail installment contract, Plaintiff dated the Planet Toyota rider to the Toyota Financial Services blank retail installment contract "7/4/03."  Deposition of Plaintiff, Exhibits 4, 6.  These documents also bear the signatures of Calvin Perdue and Jean Kendall.  Plaintiff also dated the blank form entitled "Planet Automotive Used Vehicle Delivery Checklist" "7/4/03," as well as the blank form entitled "Sales Tax Transaction Return."  Deposition of Plaintiff, Exhibits 1, 3.  On each document that Plaintiff dated "7/4/03," there also appears the typed date "07/11/2003."  Deposition of Plaintiff, Exhibits 1, 3, 4, 6.  Although the "double" dates make these documents interesting, they are also interesting because Plaintiff's name is misspelled and his address is incorrect.  It is only in October 2003, that the parties discover the address error and Plaintiff received his copies of the retail installment contract and the rider to the retail installment contract.  Deposition of Plaintiff, pp. 6, 12, 47-48.

Defendant Ron Postma's Planet Toyota admits in its answer to Plaintiff's complaint that Calvin Perdue was an employee of Defendant Ron Postma's Planet Toyota at all times relevant to Plaintiff's complaint.  Answer to Plaintiff's Complaint by Defendant Ron Postma's Planet Toyota, ¶8.  Defendants Ron Postma's Planet Toyota and Toyota Financial Services deny that Calvin Perdue and Jean Kendall acted on their behalf, however, despite their signatures on the referenced documents of these Defendants.  Answer to Plaintiff's Complaint by Defendant Ron Postma's Planet Toyota, ¶¶9, 15 and 16; Answer to Plaintiff's Complaint by Defendant Toyota Financial Services, ¶¶9, 15 and 16.

Actual agency exists when the principal has the authority to control the manner and method in which the agent performs and the agent has the power to subject the principal to personal liability.  Knapp v. Hill, 657 N.E.2d 1068, 1072 (Ill.App. 1995).  In circumstances where an actual agent exceeds the authority granted him or her by the principal, the extra-transactional acts done on the principal's account accompany or are incidental to transactions which the agent is authorized to conduct, although the extra-transactional acts are forbidden by the principal, the third party reasonably believes that the agent is authorized to do them and the third party has no notice that the agent has acted beyond his authority, that agent demonstrates inherent authority to engage in the extra-transactional acts. Menard, Inc. v. Dage-MTI, Inc., 726 N.E.2d 1206, 1212 (Ind. 2000).

     Defendant Shawn Lawson [Lawson], Calvin Perdue and Jean Kendall served, at all times relevant to Plaintiff's Complaint, as actual agents to Defendant Ron Postma's Planet Toyota and Defendant Toyota Financial Services.  Lawson delivered Plaintiff a Lincoln Navigator from Defendant Ron Postma's Planet Toyota vehicle inventory.  Deposition of Plaintiff, Exhibits, 1-3, 5, 6, 8, 9.  Lawson delivered to Defendant Ron Postma's Planet Toyota the signed blank documents required to perfect the sale of the Navigator to Plaintiff.  Jean Kendall and Calvin Perdue approved, by their signatures, the documents required for the sale of the Navigator to Plaintiff by Defendant Ron Postma's Planet Toyota and financing by Defendant Toyota Financial Services.  <u>Ibid</u>.  Plaintiff, however, was not prepared for the sale.  Plaintiff wanted to see the financing terms before he would agree to the purchase.

     To the extent that Lawson was not an actual agent of Defendant Ron Postma's Planet Toyota and Defendant Toyota Financial Services, Defendant Ron Postma's Planet Toyota clothed Lawson in apparent agency for itself and Defendant Toyota Financial Services.  To the extent that Calvin Perdue and Jean Kendall exceeded their actual agency in processing loan documents that had been signed before the truth in lending information was known and in failing to provide Plaintiff notice of the financing terms for his consideration, Defendant Ron Postma's Planet Toyota and Defendant Toyota Financial Services clothed Calvin

Perdue and Jean Kendall in inherent authority.  <u>Menard, Inc. v. Dage-MTI, Inc.</u>, 726 N.E.2d 1206, 1212 (Ind. 2000); <u>Autoexchange.com, Inc. v. Dreyer and Reinbold</u>, 816 N.E.2d 40, 48-50 (Ind.App. 2004)

TRUTH IN LENDING VIOLATIONS

The purpose of the Truth in Lending Act [TILA] is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."  15 U.S.C. § 1601(a); <u>Szumny v. American General Finance, Inc.</u>, 246 F.3d 1065, 1070 (7th Cir. 2001).  Regulation Z, issued by the Federal Reserve Board, implements TILA.  TILA and Regulation Z require creditors to make certain disclosures in connection with consumer credit transactions.  15 U.S.C. § 1638; 12 C.F.R. § 226.18.  The creditor must disclose the amount of money financed, the borrower's right to obtain a written itemization of the amount financed, and the finance charge.  15 U.S.C. § 1638(a).  These disclosures must be made "clearly and conspicuously in writing, in a form the consumer may keep," and the disclosure must take place "before the consummation of the transaction."  12 C.F.R. § 226.17(a) and (b).

In the present case, Defendants did not provide Plaintiff, prior to his signing the blank retail installment contract and its addendum, any notice as to the financing terms; thus, Defendants violated the Truth in Lending Act.  <u>Sambolin v</u>

Klein Sales Co., 422 F.Supp. 625 (S.D.N.Y. 1976)(TILA violations found where finance charge, number of payments, and amount of final payment were unspecified or blank.).  In Lacey v. William Chrysler Plymouth, Inc., 2004 U.S. Dist. LEXIS 2479, *22-23 (N.D. Ill. 2004), the trial court stated:

> "True, Lacey failed to make payments under the RIC.  However, she clearly did not understand the terms of the financing agreement, as those terms had not yet been determined when she signed the RIC.  Nor does the record indicate that Lacey misstated anything to William Chrysler.  More importantly, William Chrysler's conduct — asking Lacey to sign a blank contract with no disclosures — was far more egregious than simply failing to give the customer a duplicate copy of a contract that he admittedly read and understood, as in *Streit*.  The purpose of the TILA is to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available and avoid the uninformed use of credit.' 15 U.S.C. § 1601(a).  To achieve this purpose, the Act requires creditors to disclose the details of a credit transaction to the consumer before the transaction is consummated.  15 U.S.C. § 1638(a).  Far from a mere 'technical violation' of the TILA, William Chrysler's action is a direct violation of the central provision of the Act and

should not be excused because Lacey failed to fulfill her obligations under the contract."

In the present case, Defendants Ron Postma's Planet Toyota and Toyota Financial Services provided Plaintiff blank financing documents with none of the required TILA and Regulation Z disclosures.  Under Lacey, supra, Plaintiff is entitled to summary judgment on the issue of liability.

## REMEDIES FOR TRUTH IN LENDING VIOLATIONS

Under 15 U.S.C. § 1640(a) Defendants are liable to Plaintiff in an amount equal to the sum of Plaintiff's (1) actual damage sustained as a result of the failure and (2) twice the amount of any finance charge in connection with the transaction. Recovery on twice the finance charge "shall not be less than $ 100 nor greater than $ 1,000…."  The finance charge in this was $10,299.00.  Deposition of Plaintiff, Exhibit 6.  Twice $10,299 is $20,598.00; thus, the maximum recovery under 15 U.S.C. § 1640(a)(2) is $1000.00.  Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. ___ (2004).

Plaintiff relied to his detriment on Defendants' representations, through Defendant Shawn Lawson, that his signatures were needed in order to compute the financing terms to present to him for his consideration and approval.  Under 15 U.S.C. § 1640(a)(1), Plaintiff is entitled to recover for actual damages suffered.

As a result of his reliance on the representations of Defendants, Plaintiff has suffered actual damages that include the loss of his 1999 Mazda Millennia, which Defendant Ron Postma's Planet Toyota valued at $9559.48.  Deposition of Plaintiff, Exhibit 5.  Defendant Ron Postma's Planet Toyota and Defendant Toyota Financial Services obtained a lien release for Plaintiff's Mazda vehicle on January 2, 2004, and, thereafter, sold the vehicle.  Deposition of Plaintiff, Exhibit 7; Plaintiff's Summary Judgment Exhibit A.  Plaintiff filed his complaint on January 26, 2004.  Defendant Ron Postma's Planet Toyota and Defendant Toyota Financial Services sold Plaintiff's Mazda on March 11, 2004.  Plaintiff's Summary Judgment Exhibit A.

Additionally, Plaintiff due to Defendants' repossession of the Navigator, the repossession of the Navigator appeared on his credit report and Plaintiff was unable to secure financing.  Plaintiff, consequently, incurred vehicle rental costs.  Prior to Defendants' repossession of the Navigator, Plaintiff's could have obtained a vehicle loan for 7% per year.  Due to Defendants' repossession of the Navigator and the adverse reflection on his credit history, that rate is no longer available to Plaintiff.

## STATE LAW TREBLE DAMAGES CLAIM

Defendant Ron Postma's Planet Toyota and Defendant Toyota Financial Services obtained a lien release for Plaintiff's Mazda vehicle on January 2, 2004,

and, thereafter, sold the vehicle.  Deposition of Plaintiff, Exhibit 7; Plaintiff's Summary Judgment Exhibit A.  Plaintiff filed his complaint on January 26, 2004.  Defendant Ron Postma's Planet Toyota and Defendant Toyota Financial Services sold Plaintiff's Mazda on March 11, 2004.  Plaintiff's Summary Judgment Exhibit A.  At no time did Defendants have authorization from Defendant to sell his Mazda Millennia.  See Deposition of Plaintiff, Exhibit 7.  Defendants have neither returned Plaintiff's Mazda Millennia to him nor the vehicle's $9,559.48 value.  Defendants have exerted unauthorized control over Plaintiff's Mazda Millennia and its value.  Defendants have committed conversion in violation of Indiana Code § 34-24-3-1, therefore, Plaintiff, as a matter of law, is entitled to recover against Defendants all costs, incidental and consequential damages, such as vehicle rental costs and the cost for higher interest loan rates, attorney fees, plus three times the $9,599.48 value that Defendants assigned to Plaintiff's Mazda Millennia.  Indiana Code § 34-24-3-1.

CONCLUSION

     For the reasons set forth above, Plaintiff prays that the Court find that Plaintiff is entitled to summary judgment on the issue of liability on both his Truth in Lending claim and his state law treble damages claim.

RESPECTFULLY SUBMITTED,


  /s/Lemuel Stigler_____
LEMUEL STIGLER
ATTORNEY NO. 2271-45
7895 BROADWAY
CHAPEL PLAZA, SUITE C-D
MERRILLVILLE, IN  46410
PHONE:  (219) 736-0825
FAX:     (219) 736-8525
E-mail:
Stigler@StiglerLawOffice.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Monday, May 2, 2005, a copy of the foregoing was served upon:

Patrick Grady and Peter Jacobson
25 East Washington Street, Suite 700
Chicago, Illinois 60602

by placing the same in the United States mail, first-class postage prepaid, if service upon them was not possible by electronic mail.


/s/Lemuel Stigler_____
Lemuel Stigler